## General Fire Extinguisher Company, Appellant, v. William Seymour, Appellee.

### Gen. No. 22,613.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917. Rehearing denied March 5, 1917.

### Statement of the Case.

Suit by General Fire Extinguisher Company, complainant, against William Seymour, defendant, to establish a mechanic's lien. From a decree dismissing the bill for want of equity, complainant appeals.

The following contract was entered into:

"Chicago, May 16, 1912.

"Mr. Wm. Seymour,
    5117 Hibbard Ave.,
        Chicago.

"Dear Sir:

It is understood and agreed that we are to furnish you with the number of heads required for sprinkler equipment in the building at 1501-11 Johnson street, at our regular price of $1.00 each, less 50% discount, making a net price to you of 50¢ each; any air valves required at $1.75 each, which includes connections excepting labor for installing same, you to buy any other materials required. Or if we furnish such materials we are to bill same to you at our best mill prices. We will furnish the labor at $1.50 per hour for fitter and helper.

"If we furnish any materials outside of the air valves and sprinklers you are to pay any freight, hauling or express charges involved in the shipments or hauling of said extra materials.

"We will start immediately upon arrival of material

and will prosecute the work with due diligence until completion.

Very truly yours,
GENERAL FIRE EXTINGUISHER COMPANY,
By A. J. Neracher, Dept. Agt.

ACCEPTED:
William Seymour."

CRATTY BROS. & FLATAU and CHARLES HUDSON, for appellant.

JOHN T. RICHARDS, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 377*—*when parol evidence is admissible.* Parol testimony is admissible for the purpose of explaining circumstances attending the making of an ambiguous contract and the consideration therefor.

2. CONTRACTS, § 187*—*when construction placed upon contract by parties may be considered in construing it.* Where a contract is ambiguous in its language, the construction placed on it by the parties thereto may be looked to by the court in construing it.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 11*—*when contract as to sprinkler system construed as providing for completed system.* A certain contract between the complainant and the defendant as to a certain sprinkler system in defendant's building, and the circumstances attending its execution and performance, *held* to show that the parties intended by such contract to complete such system, which was already begun at the time the contract was entered into, rather than the furnishing and installing of particular equipment.

4. MECHANICS' LIENS, § 48*—*when contractor is not entitled to lien.* A contractor who abandons work on a contract for the furnishing and installation of a sprinkler system before it is completed in accordance with the contract is not entitled to a mechanic's lien for work done and materials furnished.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. WITNESSES, § 144*—*when evidence as to transaction with deceased agent of party to contract is inadmissible.* Testimony as to a conversation had with a certain person, deceased at the time of trial, who at the time of the making of a certain contract and prior thereto was agent of one of the parties to such contract, *held* improperly admitted in a suit involving the construction and enforcement of the contract.

6. APPEAL AND ERROR, § 1489*—*when erroneous admission of evidence is harmless error.* The erroneous admission of testimony as to a conversation with a deceased agent of one of the parties to a building and construction contract, in a suit to establish a mechanic's lien, is harmless error where the evidence properly admitted is sufficient to sustain the judgment.